IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyganda A. Gilmore, #13255-171, <br> *a/k/a Tyganda Gilmore*, <br><br> Plaintiff, <br><br> vs. <br><br> Gloria Gilmore, Mother; Nadeen Alston, Aunt; Warden Ed. Wilson; R. Jones, from Virginia, Muslim or Blood; C. Mason, Washington DC; and M. Crawford, from Washington DC, Muslim or Blood, <br><br> Defendants. | C/A No.: 1:14-3402-JFA-SVH <br><br><br> REPORT AND RECOMMENDATION |

Plaintiff Tyganda A. Gilmore, proceeding pro se and in forma pauperis, brings this civil action, which is construed as filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff is currently incarcerated at the Federal Correctional Institution ("FCI") Petersburg, Virginia in the custody of the Bureau of Prisons ("BOP"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the

---

[1] *Bivens* is the case establishing, as a general proposition, that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits. *Carlson v. Green*, 446 U.S. 14, 18 (1980); *see also Holly v. Scott*, 434 F.3d 287, 289 (4th Cir. 2006). A *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983 and case law involving § 1983 claims is applicable in *Bivens* actions, and vice versa. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–820, n. 30 (1982); *see also Farmer v. Brennan*, 511 U.S. 825 (1994).

district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff brings this action alleging his aunt and mother violated his constitutional rights. [Entry #1]. Specifically, Plaintiff alleges that his aunt, defendant Alston, contacted BOP staff and tried "to have Plaintiff murdered." [Entry #1 at 3]. Plaintiff argues that Alston misled BOP staff by telling them to "use [his] past sexual conduct charge to slander, libel, and dirty [his] name and character." *Id.* Plaintiff claims that Alston contacted inmates who were violent gang members and tried to have Plaintiff murdered. *Id.* at 4. Plaintiff argues that his aunt misled these inmates about his past sexual conduct conviction and made "it seem like [he] assaulted [his] ex-girlfriend." *Id.* at 5. Plaintiff contends that he spoke with his mother, defendant Gilmore, about Alston's attempts to harm him, but Gilmore did not address his "aunt['s] conspiracy with federal institution correctional officers." *Id.* at 4. Plaintiff argues that Alston and Gilmore had BOP staff place him around gang members and transferred to "gang institutions," but Plaintiff states that he knew of the staff's alleged intentions and was able to "check into special housing for [his] safety." *Id.* Plaintiff alleges that Alston and Gilmore are now trying to have him transferred to a "special housing institution with no security camera and sending involved inmates . . . 2 and 3 months ahead of plaintiff to have plaintiff murdered." *Id.* Plaintiff seeks declaratory and injunctive relief, monetary damages, and for criminal charges to be brought against Alston and Gilmore. *Id.* at 6.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

To state a cause of action under 42 U.S.C. § 1983 or, by analogy, the *Bivens* doctrine, a plaintiff must allege that: (1) the defendants deprived him of a federal right, and (2) did so under color federal law. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see also Bivens*, 403 U.S. at 392. In addition, a plaintiff must affirmatively show that a defendant acted personally in the deprivation of his or her constitutional rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

        1.    Insufficient factual allegations (Wilson, Jones, Mason, and Crawford)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint provides no factual allegations regarding Wilson, Jones, Mason, and Crawford. Accordingly, these defendants are entitled to summary dismissal from the action.

    2.  Private conduct not actionable

Plaintiff identifies defendants Gilmore and Alston as his mother and aunt. [Entry #1 at 3–5]. Therefore, it appears that Gilmore and Alston are private citizens. Purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable in a *Bivens* action. *See Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70–75 (2001); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1983); *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006) ("Application of *Bivens* to private individuals simply does not find legislative sanction. Under such circumstances, the danger of federal courts failing 'to respect the limits of their own power' increases exponentially.") (internal citations omitted). Plaintiff's complaint makes no allegation that Gilmore or Alston acted under the color of federal law. Therefore, the undersigned recommends Alston and Gilmore be summarily dismissed from this action.[2]

    3.  State law claims

To the extent Plaintiff intended to assert state law claims, he has not asserted a basis for federal jurisdiction. Therefore, any such state law claims should be dismissed.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

---

[2] The undersigned also notes that defendants Jones, Mason, and Crawford appear to be inmates and do not appear to have authority to act under the color of federal law. [Entry #1 at 2]. Therefore, Plaintiff's complaint is subject to dismissal against these defendants on this ground as well.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 27, 2014
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).